DLD-225                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-4643
_____

ROBERT SAUNDERS,
                    Appellant

v.

FORMER COMMISSIONER CARL C. DANBERG; GOVERNOR JACK MARKELL;
CORRECT CARE SOLUTIONS; COMMISSIONER ROBERT COUPE;
CONNECTIONS CORRECTIONAL HEALTH SERVICES; DELAWARE
DEPARTMENT OF CORRECTIONS; FORMER WARDEN PERRY PHELPS;
DEPUTY WARDEN JAMES SCARBOROUGH; JAMES WELCH, BUREAU CHIEF;
JOHN BRENNAN, SECURITY CHIEF; DR. LAURIE SPRAGA, MEDICAL
DIRECTOR; MICHELLE SEWELL-JONES, DIRECTOR OF NURSING; DR. DALE
RODGER-MORALE
_____

On Appeal from the United States District Court
for the District of Delaware
(D. Del. Civ. No. 13-cv-01276)
District Judge:  Honorable Gregory M. Sleet
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 28, 2015

Before: FISHER, SHWARTZ and GREENBERG, Circuit Judges

(Opinion filed: June 2, 2015 )

—————

OPINION[*]

—————

PER CURIAM

Roberts Saunders, a Delaware state prisoner proceeding pro se, appeals an order of

the United States District Court for the District of Delaware dismissing his complaint.

For the reasons that follow, we will affirm the judgment of the District Court.

Saunders filed a complaint in District Court claiming a violation of his Eighth

Amendment rights based on the denial of medical treatment. The District Court reviewed

the complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A and ruled that Saunders

had failed to plead facts showing that the named defendants were personally involved in

the alleged constitutional violations. The District Court dismissed the complaint, but

allowed Saunders to amend it.[1] Saunders then filed a Second Amended Complaint

claiming the denial of medical treatment and violations of the Americans with

Disabilities Act, 42 U.S.C. §§ 12101 et seq. ("ADA"). The District Court ruled that

Saunders had again failed to plead facts showing the named defendants' personal

—————————————

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1]Saunders had also sought to raise a retaliation claim in an amended complaint. The District Court ruled that Saunders must file a separate complaint raising this claim, which did not arise out of the same transaction or occurrence as the claims in his original complaint.

2

involvement, and that he had failed to state a claim under the ADA. The District Court dismissed the complaint and gave Saunders one more opportunity to amend.

Saunders filed a Third Amended Complaint, which he stated "totally rewrites the original Complaint." Third Am. Compl. at 4 n.1. Saunders named as defendants Delaware Governor Jack Markell, former Delaware Department of Corrections ("DOC") medical contractor Correct Care Solutions, former DOC Commissioner Carl Danberg, DOC Commissioner Robert Coupe, DOC medical service provider Connections Correctional Healthcare Services, the DOC, former James T. Vaughn Correctional Center ("VCC") Warden Perry Phelps, VCC Deputy Warden James Scarbrough, VCC Security Chief John Brennan, DOC Bureau Chief James Welch, former Medical Director Dr. Laurie Spraga, former Director of Nursing Michelle Swell-Jones, and former Medical Director Dr. Dale Rodgers-Morales.

Saunders alleged that he suffers from high blood pressure, brain tumors, a cyst on his kidney, degenerate disc disease, and eye problems. He averred that during the past two years, kidney specialist Dr. Michael Yaslow ordered that he see a urologist to treat his kidney condition, but that defendants Spraga, Swell-Jones, and Rodgers-Morales stated that other options must be sought due to the cost of such treatment. Saunders alleged that he is in constant pain and has uncontrolled urination.

Saunders also alleged that he is constant pain due to degenerate disc disorders, that doctors conveyed years ago that his problems could be corrected with surgery, but that surgery was denied due to its cost. Saunders stated that the denial of surgery has resulted

3

in a bone spur on his spine and that a MRI has been ordered to determine the extent of the damage. Saunders averred that prison overcrowding and attempts to cut costs are causing the denial of care to prisoners. He claimed violations of his Eighth Amendment rights.

Saunders also claimed violations of the ADA based on his placement by defendant Brennan in a housing area that was not ADA-compliant. Saunders stated that he fell in a shower that lacked handrails. He averred that after the fall he was placed, without any explanation, in administrative segregation for 45 days and then returned to the general population.

The District Court dismissed Saunders' constitutional claims against Markell, Danberg, Coupe, Phelps, and Scarbrough because Saunders had alleged no facts regarding their personal involvement, but had named them as defendants based on their supervisory positions. The District Court also found that Saunders' allegations directed towards Spraga, Swell-Jones, and Rodgers-Morales were insufficient to state a constitutional claim, and that Saunders had not identified any specific policies supporting his claim that care was denied to reduce costs. The District Court also noted that the DOC is immune from suit under 42 U.S.C. § 1983.

With respect to Saunders' ADA claim, the District Court stated that he had not set forth facts regarding his housing conditions in administrative segregation and in the general population thereafter, and found his allegation of an isolated instance of failing to accommodate insufficient to state a claim. The District Court also found frivolous any constitutional claims based on Saunders' allegations that his grievances were denied or

4

not addressed and his allegations that he was placed in administrative custody. The District Court dismissed the complaint pursuant to § 1915(e)(2)(B)(i), (ii), and (iii) and § 1915A(b)(1) and (2), and held that allowing further amendment of the complaint would be futile. This appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's decision. Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999).

We find no error in the dismissal of Saunders' constitutional claims against Markell, Danberg, Coupe, Phelps, and Scarbrough because the complaint does not allege their personal involvement in the claimed violations. Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009); Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988).

We also agree that Saunders has not stated an Eighth Amendment claim against Spraga, Swell-Jones, and Rodgers-Morales. To establish an Eighth Amendment violation based on the denial of medical care, a prisoner must demonstrate deliberate indifference to his serious medical needs. Spruill v. Gillis, 372 F.3d 218, 235 (3d Cir. 2004). The "deliberate indifference" standard may be met where prison authorities deny a reasonable request for treatment and expose an inmate to undue suffering or the threat of tangible residual injury, or where there is knowledge of a need for care and that care is intentionally denied. Id. The standard may also be met where necessary treatment is delayed for a non-medical reason. Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999).

Saunders alleged in his complaint that a doctor ordered that a urologist was needed

5

to treat his kidney condition, that Spraga, Swell-Jones, and Rodgers-Morales said that he must seek other options due to the cost of that treatment, and that he is constant pain as a result. Saunders' complaint may plead facts suggesting a possibility of liability, but under Iqbal, a complaint must contain sufficient factual matter to "'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim has facial plausibility when the plaintiff pleads facts that allow the court to reasonably infer that the defendant is liable. Id. The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

Saunders' Third Amended Complaint lacks sufficient factual matter to allow us to infer more than the possibility of misconduct. Although detailed factual allegations are not required, a complaint does not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557). Saunders has pleaded no facts stating how Spraga, Swell-Jones, and Rodgers-Morales, who are described as former Medical Directors and the former Director of Nursing, were each involved in his care. He has also not alleged that no options other than treatment by a urologist are available. Saunders also averred that he was denied back surgery because of the cost, but, as noted by the District Court, Saunders does not identify any prison policy or other facts that might support his claim.

We also agree, for substantially the reasons stated by the District Court, that Saunders does not state a claim under the ADA, or a constitutional claim based on the denial of his grievances or confinement in administrative segregation. To the extent Saunders appeals the denial of his motion for appointment of counsel, the District Court did not abuse its discretion in denying this request.

Because this appeal does not raise a substantial question, we will summarily affirm the judgment of the District Court.